Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| **MAGGIE DEL SOCORRO DIAZ TORRES T.C.C. MAGGIE S. DIAZ TORRES** | **KLCE202301238** | ***CERTIORARI*** Procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan** |
| | | Civil Núm.: **SJ2023CV08294 (Salón 505)** |
| EX PARTE | | Sobre: **Petición de Declaratoria de Herederos** |

Panel integrado por su presidenta la juez Domínguez Irizarry, la juez Grana Martínez y el juez Pérez Ocasio

Pérez Ocasio, juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 7 de diciembre de 2023.

Comparece ante nos Maggie del Socorro Díaz Torres, en adelante, Díaz Torres o peticionaria, solicitando que revoquemos la *"Resolución"* del 31 de agosto de 2023 del Tribunal de Primera Instancia, Sala de San Juan, en adelante, TPI-San Juan. En su dictamen, el TPI-San Juan desestimó la *"Petición"* para una declaratoria de herederos de Díaz Torres.

Por los fundamentos que expondremos a continuación, expedimos el recurso solicitado, y revocamos la *"Resolución"* del foro primario.

**I.**

Francisca Torres Ortiz, en adelante, causante, falleció intestada el día 10 de enero de 2022.[1] Al momento de su muerte, la causante había enviudado, sobreviviéndole así tres (3) de los cuatro

---

[1] Apéndice del recurso, pág. 5.

Número Identificador
SEN2023_____

(4) hijos que procreó.[2] Los hijos que le sobrevivieron son Héctor Francisco Díaz Torres, Maggie Del Socorro Díaz Torres y Edgardo Rafael Díaz Torres. Luis Humberto Díaz Torres fue el hijo de la causante que le *premurió*.[3] Luis Humberto Díaz Torres es representado en la herencia de la causante por sus dos (2) hijos, Luis Gabriel Díaz y Anitza Díaz, quienes nacieron en el estado de New Jersey.[4]

Por lo tanto, el 30 de agosto de 2023, se presentó ante el TPI-San Juan una solicitud de declaratoria de herederos.[5] En la solicitud, Díaz Torres adjuntó los siguientes documentos:[6]

1. Certificado de nacimiento de la causante.
2. Acta de defunción de la causante.
3. Certificado de matrimonio de la causante.
4. Certificado de defunción del cónyuge de la causante.
5. Certificados de nacimiento de los hijos que le sobrevivieron a la causante, y *del hijo que premurió*.
6. *Certificado de defunción del hijo que premurió.*
7. *Certificados de nacimiento, expedidos por el estado de New Jersey, de los dos (2) nietos que representan al premuerto de la intestada.*
8. Certificación Negativa de Asuntos no Contenciosos del Registro General de Competencias Notariales, expedido por Oficina de Inspección de Notarías.
9. Certificación Negativa del Registro de Testamentos, expedida por la Oficina de Inspección de Notarías.

Sin embargo, el 31 de agosto de 2023, el TPI-San Juan emitió una *"Resolución"* en la que desestimó la petición en cuestión, arguyendo que la misma no cumplió con el Artículo 552 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2301.[7] En su dictamen, el foro primario señaló los siguientes defectos:[8]

1. No incluir la apostilla en los certificados de nacimiento de los nietos de la causante.
2. No incluir copia de la resolución de declaratoria de herederos del hijo que premurió a la causante.

---

[2] Apéndice del recurso, pág. 1.
[3] *Id.* pág. 12.
[4] *Id.* págs. 13-14.
[5] *Id.* pág. 1.
[6] *Id.* págs. 4-16.
[7] *Id.* pág. 19.
[8] *Id.*

Posteriormente, el 11 de septiembre de 2023, Diaz Torres presentó una *"Moción en Solicitud de Reconsideración"* ante el TPI-San Juan.[9] Finalmente, el 12 de octubre de 2023, el TPI-San Juan emitió y notificó una *"Resolución",* en la cual modificó su dictamen. En reconsideración, el foro primario indicó que el error relacionado a la apostilla "se debió a un error involuntario".[10] Sin embargo, declaró "No Ha Lugar" al otro señalamiento, el cual impugnaba el requerimiento de la presentación de la resolución de la declaratoria de herederos del hijo premuerto.

Así las cosas, el 7 de noviembre de 2023, la parte peticionaria radicó ante esta Curia una *"Petición de Certiorari".* En su recurso, Díaz Torres hizo el siguiente señalamiento de error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR LA PETICIÓN DE DECLARACIÓN DE HEREDEROS DE FRANCISCA TORRES ORTIZ, T.C.C. FRANCISCA TORRES, T.C.C. PAQUITA TORRES POR INCUMPLIMIENTO CON LOS REQUISITOS DEL ARTÍCULO 552 DEL CÓDIGO DE ENJUICIAMIENTO CIVIL, SEGÚN ENMENDADO Y REQUERIR PRESENTAR LA RESOLUCIÓN DE LA DECLARATORIA DE HEREDEROS DE UN HIJO PREMUERTO QUE DEJÓ DESCENDENCIA, EN INOBSERVANCIA AL DERECHO DE REPRESENTACIÓN QUE NUESTRO ORDENAMIENTO LEGAL SOSTIENE EN LOS ARTÍCULOS 1611 Y 1612 DEL CÓDIGO CIVIL DE PUERTO RICO, EL MISMO ARTÍCULO 552 Y EL PRINCIPIO DE ECONOMÍA PROCESAL.

En una *"Resolución"* emitida el 9 de noviembre de 2023, este Tribunal le ordenó a la parte peticionaria que acreditara en un término de cinco (5) días a la parte recurrida, conforme a la Regla 33(B) de nuestro Reglamento, 4 LPRA Ap. XXII-B, Regla 33(B).

Cumplida la orden mencionada, queda perfeccionado el recurso de epígrafe, por lo que procedemos a resolver.

**II.**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una

---

[9] Apéndice del recurso, pág. 20.
[10] *Id.* págs. 26-27.

decisión de un tribunal inferior. *Rivera Gómez y otros v. Arcos de Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, 212 DPR ___ (2023); *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46, 211 DPR ___ (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> [. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones. *Mun. Caguas v. JRO Construction*, 201 DPR 703, 710-711 (2019).

A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios a

considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *Rivera Gómez y otros v. Arcos de Dorados Puerto Rico, Inc. y otros*, supra; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020). Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, funge como complemento a la Regla 52.1 de Procedimiento Civil, *supra*. *Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para

determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000); *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).

### A. Derecho de Representación

El título de una sucesión es el testamento o la declaratoria de herederos. *Miranda Meléndez v. Registrador,* 193 DPR 862, 875 (2015); *Sucn. Sepúlveda Barreto v. Registrador,* 125 DPR 401, 409 (1990). La declaratoria de herederos se obtiene a través de la presentación de una acción judicial al amparo de los Artículos 552 y 553 del Código de Enjuiciamiento Civil, 32 LPRA secs. 2301–2302.

En esencia, el fin de una declaratoria de herederos *es suplir la ausencia de una institución de herederos debidamente establecida por el causante mediante un testamento* o, de haberlo otorgado, este resulta nulo o ineficaz en todo o en parte o no distribuye la totalidad del caudal. Código Civil, supra, 1 LPRA sec. 2591.

A estos fines, el Código de Enjuiciamiento Civil dispone que:

En casos de sucesión intestada o de nulidad de un testamento, los que tengan algún interés en la herencia podrán dirigir una solicitud a la Sala del Tribunal de Primera Instancia del último domicilio del finado, o del lugar en donde se encuentren sus bienes, pidiendo se dicte el correspondiente auto de declaración de herederos.

(1) La solicitud declarará bajo juramento el fallecimiento de la persona de cuya sucesión se trate;

(2) que, según el leal saber y entender del peticionario, quien expondrá el origen de sus informes y los fundamentos en que se apoya para creerlo, falleció sin dejar testamento; que se han hecho las investigaciones y registros correspondientes, sin encontrarlo, o si hubiere dejado testamento, que éste ha sido declarado nulo, [y]

(3) los nombres y domicilios de las personas con derecho a la herencia o sucesión.

El juez a quien se hubiese presentado la solicitud examinará en el más breve término posible la prueba documental en que se apoya el peticionario y la certificación negativa del Registro de Testamentos en el Tribunal Supremo y, con el resultado de ella, dictará la resolución que proceda sin necesidad de celebrar vista; ***o discrecionalmente podrá requerir prueba adicional o señalar vista de estimarlo procedente.*** El auto se dictará sin perjuicio de tercero, a no ser que se trate de herederos forzosos.

32 LPRA secs. 2301. (Énfasis nuestro).

### B. Desestimación

Por otra parte, reiteradamente, el Tribunal Supremo de Puerto Rico ha expresado que en su misión de hacer justicia la discreción "es el más poderoso instrumento reservado a los jueces". *Rodríguez v. Pérez*, 161 DPR 637, 651 (2004); *Banco Metropolitano v. Berríos*, 110 DPR 721, 725 (1981). La discreción se refiere a "la facultad que tiene [el tribunal] para resolver de una forma u otra, o de escoger entre varios cursos de acción". *VSPR, LLC v. Drift-Wind*, 207 DPR 253, 273 (2021); *Citibank et al. v. ACBI et al.*, 200 DPR 724, 735 (2018).

En ese sentido, el Tribunal Supremo de Puerto Rico ha establecido que "la discreción que cobija al Tribunal de Primera Instancia en sus determinaciones discrecionales es amplia, por lo que sus decisiones merecen gran deferencia". *Citibank et al. v. ACBI et al.*, supra, pág. 735. Cónsono con ello, es norma reiterada que

este tribunal no intervendrá "con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, ***salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto***". *Citibank et al. v. ACBI* et al., supra, pág. 736; *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012); *Lluch v. España Service Sta.*, supra, pág. 745 (1986). (Énfasis nuestro).

La Regla 1 de las de Procedimiento Civil, supra, 32 L.P.R.A. Ap. V, R. 1, establece que las reglas "[s]e interpretaran de modo que faciliten el acceso a los tribunales y el manejo del proceso, de forma que garanticen una solución justa, rápida y económica de todo procedimiento". *VSPR, LLC v. Drift-Wind*, supra, pág. 274. A pesar de que el ordenamiento jurídico favorece que los casos se ventilen en sus méritos, las Reglas de Procedimiento Civil, supra, proveen medidas para descongestionar los tribunales de forma que se descarten los pleitos que atrasan el calendario. *Sánchez Rodríguez v. Adm. De Correción*, 177 DPR 714, 719 (2009).

***La desestimación es la sanción más drástica que puede imponer un tribunal*** ya que tiene el efecto de una adjudicación en sus méritos y, por lo tanto, cosa juzgada, salvo que sea por falta de jurisdicción o de parte indispensable. *VSPR, LLC v. Drift-Wind*, supra, pág. 272; *Sánchez Rodríguez v. Adm. Corrección*, supra, pág. 720.

Ciertamente, el uso desmesurado de este mecanismo procesal puede vulnerar el fin que persiguen los tribunales, que es impartir justicia. *Id.* Por tanto, "al ser esta sanción la más drástica que puede imponer un tribunal ante la dilación en el trámite de un caso, se debe recurrir a ella en casos extremos." *Sánchez Rodríguez v. Adm. Corrección,* supra, pág. 721; *Álamo Romero v. Adm. Corrección,* 175 DPR 314 (2009).

No obstante, tal como se desprende de la propia regla, la desestimación no procede de forma automática a pesar de la dejadez e inacción en un pleito. "Debido a los efectos de la desestimación, es menester que los tribunales atemperen su aplicación frente a la política pública de que los casos se ventilen en sus méritos". *HRS Erase v. CMT*, 205 DPR 689, 701 (2020); *Sánchez Rodríguez v. Adm. De Corrección*, supra, pág. 721. Por tal razón, la desestimación debe proceder en situaciones extremas en las que inequívocamente se haya demostrado la desatención de la parte con interés, "después que otras sanciones hayan probado ser ineficaces en el orden de administrar justicia y, en todo caso, no debería procederse a ella sin un previo apercibimiento". *Mun. de Arecibo v. Almac. Yakima*, 154 DPR 217, 222 (2001); *Ramírez de Arellano v. Srio. De Hacienda*, 85 DPR 823, 829-830 (1962).

### III.

En el caso de marras, el Foro Primario desestimó la solicitud de declaratoria de herederos, presentada por la peticionaria, hija de Francisca Torres. La desestimación se debió a que no se presentó, entre los documentos sometidos, la declaratoria de herederos de Luis Humberto Díaz Torres, quien es hijo de la causante, y premurió a esta. La peticionaria arguye que el TPI-San Juan se equivocó al desestimar la petición en cuestión. *Le asiste razón.*

El Código de Enjuiciamiento Civil, supra, permite que el juez que evalúe una petición de declaratoria de herederos emita su resolución sin celebrar vista, aunque sí puede celebrarla discrecionalmente. 32 LPRA secs. 2301. En alternativa a la vista, el Tribunal puede solicitar prueba adicional, de entenderlo necesario. *Id.*

Esta Curia no se expresará con relación a la procedencia en derecho del requerimiento de la declaratoria de herederos del hijo premuerto de la causante. Sin embargo, entendemos que, del Código

de Enjuiciamiento Civil, supra, se desprende que cuando el Foro Primario está inconforme con la solicitud ante sí, antes de desestimar, procede que solicite la documentación que entienda esté faltando, o celebre una vista.

En su *"Resolución"*, el TPI-San Juan señala, precisamente, que la razón por la que desestimó la solicitud de la peticionaria es por que no se incluyó el documento que legalmente reconoce a los nietos de la causante como los herederos en representación del hijo premuerto.[11] Entendemos que, al haber desestimado la petición en cuestión, el TPI-San Juan incidió en su discreción, toda vez que pudo solicitar el documento, previo a emitir una resolución al respecto.

**IV.**

Por los fundamentos que anteceden, expedimos el auto solicitado, *revocamos la "Resolución" recurrida, y devolvemos el caso al Foro Primario para la continuación de los procedimientos, en conformidad con el Artículo 552 del Código de Enjuiciamiento Civil, supra.*

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Grana Martínez *concurre* con opinión escrita.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones

---

[11] Apéndice del recurso, pág. 19.

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| **MAGGIE DEL SOCORRO DIAZ TORRES T.C.C. MAGGIE S. DIAZ TORRES**<br><br><br>EX PARTE | **KLCE202301238** | ***CERTIORARI***<br>Procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan**<br><br>Civil Núm.:<br>**SJ2023CV08294 (Salón 505)**<br><br>Sobre:<br><br>**Petición de Declaratoria de Herederos** |

Panel integrado por su presidenta la juez Domínguez Irizarry, la juez Grana Martínez y el juez Pérez Ocasio.

**VOTO CONCURRENTE DE LA JUEZA GRANA MARTÍNEZ**

La Jueza Grana Martínez concurre con la determinación de una mayoría y hace la siguiente expresión particular. Coincido con los pronunciamientos hechos por un panel hermano en el recurso identificado KLCE201700865. El requerir una declaratoria de herederos del hijo premuerto de la causante resulta innecesario y contrario a los principios de economía procesal que han de guiar nuestras ejecutorias. Se debe tomar en consideración que la declaración de herederos siempre se concede sin perjuicio de tercero de mejor derecho. De los documentos presentados bajo juramento surge: 1) el fallecimiento de la causante; 2) que según el leal saber y entender de la peticionaria, la causante falleció sin testar; 3) los nombres y domicilios de las personas con derecho a la herencia o sucesión. Para sustentar las alegaciones se presentó: Certificado de Nacimiento y Defunción de la causante, Certificado de Matrimonio de la causante, Certificado de Defunción del cónyuge de la causante y Certificado de Nacimiento de los cuatro (4) hijos de la causante,

Certificado de Defunción del hijo premuerto, la Certificación de Nacimiento de dos (2) nietos de la causante, Certificación Negativa de Asuntos No Contenciosos del Registro General de Competencias Notariales y la Certificación Negativa del Registro de Testamentos, ambas expedidas por la Oficina de Inspección de Notarías (ODIN), junto a su Juramento.

A mi entender, los documentos presentados serían suficientes para acreditar el vínculo y derecho a heredar por representación, por lo que coincido con mis compañeros de panel en que el remedio apropiado era el señalamiento de una vista en caso de que el foro recurrido albergue alguna duda con respecto a la veracidad de la información.

En San Juan, Puerto Rico, a 7 diciembre de 2023.


GRACE M. GRANA MARTÍNEZ
Jueza del Tribunal de Apelaciones