FELICIDAD RAMÍREZ DE ARELLANO DE CALDAS, ETC., demandantes, *v.* JOSÉ R. NOGUERA, SECRETARIO DE HACIENDA, demandado y recurrido.

*Número:* 645      *Resuelto:* 28 de junio de 1962

*Celestino Morales, Jr.,* y *Antonio R. Barceló, Hijo,* abogados de la recurrente; *J. B. Fernández Badillo, Procurador General, Arturo Estrella, Procurador General Interino,* y *Genoveva R de Carrera, Procurador General Auxiliar,* abogados del recurrido.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

EL JUEZ ASOCIADO SEÑOR SANTANA BECERRA emitió la opinión del Tribunal.

"No debemos olvidar nunca que cada pleito es sin igual, por lo menos en lo que toca a los participantes en el mismo, quienes creen—y con razón—que tienen derecho a la mejor clase posible de justicia en manos del tribunal y del jurado. Si ello es así—y no hay porque negarlo—métodos de producción en masa y técnicas de línea de ensamblar son absolutamente incompatible con la sana administración de justicia. Cada caso es acreedor a todo el tiempo y esfuerzo necesario para un juicio imparcial, pero no a un minuto de tácticas retardatorias.

.    .    .    .    .    .    .    .

"Si tuviéramos que tener que decidir entre una justicia administrada tan rápidamente como sea posible compatible con la concesión de una cantidad de tiempo razonable para cada paso sucesivo en la preparación del juicio de la manera en que se ha esbozado y una posible mejor calidad de justicia a obtenerse tomando mayor tiempo, yo favorecería sin vacilar la mejor, más lenta clase de justicia. Pero la clase de justicia que he estado discutiendo tiene por miras el descubri-

miento completo de hechos antes del juicio y una intensa pre-
paración sobre el derecho por el abogado. Así el juicio se
convierte no en el evento deportivo como el Decano Pound
aptamente ha caracterizado la vieja práctica, sino en una
ordenada búsqueda de la verdad en interés de la justicia.

. . . . . . . . .

". . . De todos los dispositivos antes del juicio éste es sin
duda el más importante. Deduzco de lo que leo en los perió-
dicos que algunos jueces en otros estados conciben la confe-
rencia previa al juicio como un medio de imponer transac-
ciones. No podría haber mayor error y ningún proceder
estaría mejor calculado para hacer caer la administración
de justicia en desprestigio . . . No, el grande objetivo de la
conferencia antes del juicio es preparar al juzgador y a los
abogados de cada parte para el mejor juicio posible en aque-
llos casos en que se litiga hasta su terminación."

En agosto 15, 1961, la recurrente interpuso demanda en
la Sala de San Juan del Tribunal Superior, alegando que
había pagado una deficiencia en la contribución sobre ingre-
sos en la cantidad de $1,390.20 que le fue impuesta al negarle
el Secretario de Hacienda una deducción de $2,500 por con-
cepto de renta vitalicia pagada por ella a una tercera per-
sona; y que esta deficiencia no procedía en ley porque tal
renta vitalicia constituía una partida deducible. El 20 de
septiembre se contestó la demanda aceptándose los hechos,
sosteniendo el Secretario que de acuerdo con la Ley de Con-
tribuciones Sobre Ingresos la referida renta vitalicia no era
deducible. Se verá que el pleito quedó trabado únicamente
sobre una cuestión de derecho. ■

El 9 de octubre de 1961 las partes fueron notificadas que
se había señalado una conferencia previa al juicio para el
14 de noviembre.(¹) El 6 de noviembre el Lcdo. Celestino

---

(¹) La orden es una forma general ya redactada que incluye la con-
sideración de materias que posiblemente no hubieran sido necesarias en
este caso tales como: (1) la simplificación de las cuestiones litigiosas;
(2) posibilidad de obtener admisión de hechos y documentos para evitar

Morales, hijo, uno de los abogados de la demandante, solicitó por escrito con notificación a la parte contraria la suspensión de la conferencia, informando que en la fecha de la misma él habría de estar fuera de Puerto Rico en gestiones oficiales de su profesión y no podría asistir. La parte contraria no radicó escrito en oposición ni solicitó sanción alguna. El 14 de noviembre de 1961, fecha de la conferencia, la Sala sentenciadora dictó la siguiente sentencia que fue notificada el 16 de noviembre:

"A la conferencia preliminar al juicio solamente ha comparecido el abogado del demandado. Hay en autos una moción de suspensión presentada por la parte demandante. El fundamento legado en dicha moción no tiene mérito, pues no explica la urgencia del viaje ni el por qué el otro abogado de récord no puede comparecer a la vista.

"Tomando en cuenta que hace más de un mes se notificó a las partes la orden de señalamiento de conferencia preliminar al juicio, la falta de méritos de la moción de suspensión y la incomparecencia del abogado de la parte demandante, por la presente se dicta sentencia desestimando la demanda. Regla 37.2 de las de Procedimiento Civil."

El 27 de noviembre la demandante recurrente solicitó reconsideración explicando que el abogado a cargo del pleito lo era el Lcdo. Morales y se había visto obligado a salir con urgencia al extranjero; que el abogado a quien se refería el Tribunal en su sentencia no había intervenido en el caso ni conocía los pormenores del mismo, y que no había habido la intención de violar la orden del Tribunal así demostrado por el hecho de haberse radicado a tiempo una solicitud de suspensión. Al día siguiente, sin oir a las partes, la Sala sentenciadora dictó la siguiente resolución:(²)

presentación de evidencia innecesaria; (3) conveniencia de someter cuestiones litigiosas a un comisionado especial; (4) la limitación del número de peritos; (5) autorización de los abogados para transigir de llegarse a un acuerdo.

(²)Aunque la recurrente pidió reconsideración, ante los fundamentos que expuso y el remedio solicitado se trataba a todos los efectos de una moción para dejar sin efecto una sentencia bajo la Regla 49.2. En *Mar-*

"Con el espíritu de resolver en su fondo las controversias judiciales, hemos leído la moción de reconsideración presentada por la parte demandante. Si auspiciáramos el procedimiento seguido por la parte demandante en este caso, estaríamos socavando la obligación que tiene el Tribunal de despachar con prontitud razonable todos los asuntos radicados. La mera radicación de una moción de suspensión en la que se alega únicamente que uno de los abogados de récord, que no es el que firmó la demanda, *habrá* de estar fuera de Puerto Rico en gestiones oficiales de su profesión no puede paralizar por sí solo las vistas judiciales. La moción de reconsideración, lejos de convencernos, nos lleva a ratificar nuestra sentencia como medida que **tiende** a una buena y eficiente administración de justicia.

"Se declara sin lugar la moción de reconsideración."

Las palabras al comienzo están por encima de toda sospecha. Son de un cruzado en la defensa de una más rápida administración de justicia y contra la dilación en la solución de los pleitos, el ya fallecido Juez Presidente del Estado de Nueva Jersey, Sr. Arthur T. Vanderbilt.[3] Hacia Nueva Jersey miramos al momento de ordenar nuestro presente sistema de administración de justicia. Cuando menos, las palabras del Juez Vanderbilt recuerdan, aun en el laudable empeño por una justicia más rápidamente administrada, que hay valores, y también hay valores, que preservar. Toca a la sana sensibilidad del juzgador el dejar establecido el equilibrio deseable de esos valores de modo que ninguno de ellos haya de frustrarse a causa de los otros. ■

La Regla 37.2 de Procedimiento Civil dispone que si una parte dejare de comparecer, se negare a participar o compareciere sin estar debidamente preparada a una conferencia preliminar al juicio, el tribunal podrá desestimar la demanda, eliminar las alegaciones del demandado, condenar al pago de

tínez v. *Tribunal Superior,* 83 D.P.R. 358 (1961), sostuvimos que no debe disponerse de una moción de esta naturaleza sin celebrar una audiencia y oír a las partes.

[3] Fueron dichas por el Juez Vanderbilt en un discurso que pronunció en Boston el 2 de septiembre de 1954 ante la 8va. Convención Anual de la NACCA.

costas y honorarios de abogado o dictar cualquier otra orden que fuere *justa*. Esta Regla no tiene equivalente en la Regla 16 de Procedimiento Civil federal. Si bien como cuestión de poder es incuestionable la facultad del tribunal para desestimar una demanda por la incomparecencia a una conferencia previa al juicio, en unas circunstancias como las que acusa este caso y en circunstancias meramente ordinarias tal sanción resulta extremadamente lesiva por la consecuencia que lleva. Desestimar de inmediato una demanda, o una contestación, como medio de aplicar sanción al proceder o a una actitud del abogado en el curso del pleito, tiene el efecto de privar a un ciudadano de la función judicial de adjudicación que forma parte de nuestra estructura constitucional, privándole de la oportunidad de un día en corte para hacer valer en los méritos la legitimidad de su derecho a reclamar si es demandante, o la legitimidad y mérito de una defensa, si es demandado. Este es un valor en el orden social demasiado apreciable para ser prontamente sacrificado, aun cuando la sanción se dé en aras del pronto despacho de los asuntos radicados y de una rápida administración de justicia. Si los pleitos judiciales se desestimaren por esta vía indistintamente, se habrán despachado los asuntos, no hay duda, pero tal vez no habría quedado mucho de justicia a impartir.

Es normal y ordinario en el trámite de un pleito que ocurran hechos como los de este caso. No son inusitados. Hay que tomarlos como parte de un mínimo de males inevitables de la tramitación consubstanciales del sistema mismo de impartir justicia, como los males de salud son consubstanciales del ser humano. Ello no quiere decir que en uno u otro caso no hayan de ser combatidos por los medios apropiados. ■

La desestimación de un pleito sin ir a sus méritos como un medio de sanción, debe ser de los últimos recursos a utilizarse después que otras sanciones hayan probado ser ine-

ficaces en el orden de administrar justicia y, en todo caso, no debería procederse a ella sin un previo apercibimiento. No de otro modo habrá de sostenerse el deseable equilibrio de valores igualmente apreciables a que nos referimos.

No insinuamos siquiera que la Sala de instancia no pudo haber impuesto alguna sanción en la situación de este caso. Con su facultad de aplicar correctivos apropiados, y de conducir los pleitos de la manera que a su buen discernimiento sea de mayor efectividad, no habremos de intervenir, ni sería aconsejable que interviniésemos. Sin embargo, no toda actitud o posición que asuma el abogado en el curso del trámite debe perjudicar de inmediato al ciudadano que litiga en el sentido de privarle de la adjudicación en los méritos de sus derechos. De ordinario la parte que ejercita su derecho en corte no está informada de los trámites rutinarios. Si bien es cierto que el abogado es su representante y que su gestión la obliga,—un litigante asume la responsabilidad de su selección y no podría escapar las consecuencias de la cosa juzgada, por ejemplo, porque su abogado no hizo los planteamientos propios,—en otros aspectos de la gestión, como el de autos, la responsabilidad primera hacia el tribunal, como su funcionario que es, es del abogado. De ahí que a distinción de otros mandatos y de otra gestión, el proceder del abogado esté revestido de interés público y quede bajo estricta fiscalización y acción disciplinaria del tribunal.

*Aunque ésta es un área de funcionamiento de la Sala sentenciadora en que habremos de intervenir lo menos posible, en las circunstancias presentes nos vemos obligados a dejar sin efecto la sentencia recurrida, y a devolver el caso para que, excepto el desestimar la demanda, la Sala sentenciadora aplique cualquier sanción que crea apropiada por la incomparecencia del abogado a la conferencia previa al juicio, si es que estima de rigor aplicarla, y continúen los procedimientos.*