ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **IMALAY CINTRÓN DONES y LUIS QUIÑONES CÁCERES por sí y en representación de su hija menor de edad I. Q. C.**<br><br>Apelantes<br><br>v.<br><br>**CUIDO CRISTIANO ARCA DE NOE, INC. h/n/c CENTRO DE CUIDO CRISTIANO EL ARCA DE NOE; RAYMOND ORTIZ CLASS en su carácter como Presidente del Centro; FROKEN RODRÍGUEZ CINTRÓN, en su carácter como Directora del Centro; X Y Z Nombres de Personas Naturales y/o Jurídicas Desconocidas; A, B, C Nombres de Compañías Aseguradoras Desconocidas**<br><br>Apelado | KLAN202300121 | **APELACION** procedente del Tribunal de Primera Instancia, Sala Superior de **Carolina**<br><br>Civil Núm.:<br>**CA2018CV00802**<br><br>Sobre:<br>Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y la Jueza Rivera Pérez.

Cintrón Cintrón, Jueza Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de abril de 2023.

Comparecen ante este Foro, el Sr. Luis Quiñones Cáceres y otros (apelantes), y solicitan la revisión de la *Sentencia* emitida el 29 de noviembre de 2022, notificada el 30 del mismo mes y año, por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI). Mediante el referido dictamen, el TPI desestimó la demanda de epígrafe, al amparo de la Regla 39.2(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2(b).

Por los fundamentos que expondremos a continuación, acordamos revocar la *Sentencia* apelada.

Número Identificador

SEN2023 _____

## I.

El 11 de mayo de 2018, los apelantes, la Sra. Imalay Cintrón Dones y el Sr. Luis Quiñones Cáceres, en representación de su hija menor de edad IQC, presentaron una demanda sobre daños y perjuicios en contra del Cuido Cristiano Arca de Noe, Inc., la Sra. Froken Rodríguez Cintrón, en su carácter como directora del centro, Kairos Ester Rosalie, Inc. y Rosalía Cintrón Fiallo, entre otros (apelados).[1] Incluyeron alegaciones sobre maltrato institucional en un centro educativo.

Luego de múltiples incidencias procesales, y en lo pertinente a la controversia que atendemos, el 15 de septiembre de 2020, el Tribunal dictó una *Orden*, mediante la cual expuso:

> […]
>
> …Dispone la misma [parte demandante] de 10 días para mostrar causa e indicar al Tribunal las razones para su incomparecencia al presente procedimiento, así como indicar las razones por las cuales no deba imponerse a la parte una primera sanción de $50.00 y la cancelación del arancel de suspensión.
>
> De otra parte, **desde hace ya 6 meses el presente caso no muestra trámite alguno por la parte demandante**. Por tanto, dispone la parte demandante del mismo término antes indicado para indicar las razones por las cuales no deba ordenarse el archivo de la presente acción. (Énfasis nuestro).
>
> Notifíquese de la presente Orden a la parte demandante, así como a su representación legal.

Posteriormente, el foro primario concedió un término final a las partes concerniente al descubrimiento de prueba. También manejó, en varias ocasiones, conflictos que presentó la señora Rodríguez Cintrón con relación a su representación legal.

Así las cosas, el 15 de junio de 2021 se celebró una vista, en la cual **el tribunal ordenó a los apelantes mostrar causa para que, en el término de 10 días, explicaran las razones por las cuales no debía ordenar el archivo sin perjuicio del caso. Ello, toda vez**

---

[1] La demanda fue enmendada el 28 de octubre de 2019.

**que, desde el 12 de abril de 2021, no hubo comparecencia de su parte.**[2] El 19 de agosto de 2021, los apelantes incoaron una *Moción para Mostrar Causa y Solicitud de Orden,* **la cual fue aceptada por el tribunal.**

El 20 de agosto de 2021, dado al incumplimiento con sus órdenes, el tribunal de instancia concedió un nuevo término perentorio de 15 días para que la señora Rodríguez Cintrón y la compañía Kairos Ester Rosalie, Inc. comparecieran junto a una nueva representación legal. Ello, bajo apercibimiento de imposición de sanciones y/o la anotación de rebeldía.[3] El 13 de septiembre de 2021, la señora Rodríguez Cintrón instó una *Urgente Moción Informativa,* en la cual expresó no tener los medios económicos para contratar una representación legal. De igual modo, informó que la corporación concernida, El Cuido Arca de Noé, fue disuelta. En respuesta, el tribunal de primera instancia expresó lo siguiente:

> […]
> Independientemente de que comprendemos la gravedad de lo manifestado por la misma, lo cierto es que al presente esta sala tiene un caso presentado el cual también amerita la disposición más pronta que le pueda ser brindada. La razón para lo anterior es muy sencilla: tanto la parte demandante como los demandados en la balanza de la justicia se encuentran similarmente situados, por lo que esta sala tiene que atender en ausencia de transacción la totalidad de las controversias que nos han sido presentadas para nuestra disposición independientemente que la parte demandada cuente o no con representación legal. Por tanto, queda señalada vista sobre el estado de los procedimientos. La misma se calendariza para el 16/diciembre/21, 10:00 am mediante videoconferencia. [4]

Transcurrido el tiempo, y en consideración al marco procesal del caso, mediante *Sentencia* de 29 de noviembre de 2022, el foro *a quo* decretó su desestimación, con perjuicio, al amparo de la Regla 39.2(b) de Procedimiento Civil, *supra.* En su dictamen, el Tribunal

---

[2] *Minuta,* apéndice del alegato en oposición, Anejo IX, pág. 19.
[3] Apéndice del recurso, Anejo 14, pág. 42.
[4] *Orden* del 14 de septiembre de 2021.

razonó que en el caso no se realizó trámite alguno por los pasados seis (6) meses.

El 14 de diciembre de 2022, los apelantes instaron una *Moción de Reconsideración*. Razonaron que la desestimación de su causa de acción como medida punitiva no debía obrar en contra de una menor de edad y que dicha acción no era cónsona con la política pública del Estado. **Añadieron que la sentencia desestimatoria no fue precedida por una orden que les brindara oportunidad a las partes para explicar las razones de la inactividad en el trámite del caso**. Atendida dicha moción, esta fue denegada por el TPI, a través de un dictamen emitido el 11 de enero de 2023, notificado el 12 de enero de 2023.

Inconformes con la decisión, los apelantes presentaron el recurso que nos ocupa. Señalaron la comisión del siguiente error por parte del foro primario:

> Erró el Tribunal de Primera Instancia y abusó de su discreción al desestimar la presente causa de acción. La parte demandada, quien con sus constantes incumplimientos produjo la demora excesiva en la resolución de esta controversia, se beneficia de esta desestimación, en perjuicio de una menor de edad víctima de acciones dolosas en su lugar de cuido y enseñanza. Es una lastimosa injusticia que pone en riesgo el derecho de la menor de edad a ser resarcida en sus daños oportunamente.

La señora Rodríguez Cintrón presentó su alegato en oposición el 13 de marzo de 2023.

**II.**

Nuestro ordenamiento favorece la política judicial de que los casos se ventilen en sus méritos de manera justa, rápida y económica, pues de esa manera se cumple con el interés de que todo litigante tenga su día en corte. No obstante, lo anterior no implica que una parte adquiera el derecho a que su caso tenga vida eterna en los tribunales, manteniendo a la otra parte en un estado de incertidumbre, sin más excusa para su falta de diligencia e interés

en su tramitación que una escueta referencia a circunstancias especiales. *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 298 (2012); *Mun. de Arecibo v. Almac. Yakima*, 154 DPR 217, 222-223 (2001); *Dávila v. Hosp. San Miguel, Inc.*, 117 DPR 807, 816 (1986).

La Regla 39.2 de Procedimiento Civil, 32 LPRA Ap. V., R. 39.2, permite al tribunal desestimar un pleito cuando las partes incumplen, tanto con las Reglas de Procedimiento Civil, como con cualquier orden emitida por el tribunal. La desestimación también puede ocurrir cuando no se hubiera efectuado trámite alguno por las partes durante un término de seis (6) meses.

En lo concerniente, el inciso (b) de la referida Regla dispone lo siguiente:

> [...]
>
> (b) **El tribunal ordenará la desestimación y archivo de todos los asuntos civiles pendientes en los cuales no se haya efectuado trámite alguno por cualquiera de las partes durante los últimos seis meses, a menos que tal inactividad se le justifique oportunamente**. Mociones sobre suspensión o transferencia de vista o de prórroga no serán consideradas como un trámite a los fines de esta regla.
>
> **El tribunal dictará una orden en todos dichos asuntos, la cual se notificará a las partes y al abogado o abogada, requiriéndoles dentro del término de diez (10) días desde que el Secretario o Secretaria les notifique, que expongan por escrito las razones por las cuales no deban desestimarse y archivarse los mismos**.
>
> [...]
>
> 32 LPRA Ap. V, R. 39.2(b). (Énfasis nuestro).

La mencionada disposición desalienta la congestión de casos en los calendarios judiciales, a causa de la inacción o dejadez de las partes en el trámite de sus reclamaciones y, por el incumplimiento de dichas partes con las órdenes del tribunal. De esta manera, el tribunal tiene la potestad para sancionar de diversas formas a las partes litigantes que dilatan innecesariamente los procesos. Véase, *Sánchez Rodríguez v. Adm. de Corrección*, 177 DPR 714, 721 (2009).

Sin embargo, la desestimación de un caso como sanción debe prevalecer únicamente en situaciones extremas en las cuales haya quedado demostrado de manera inequívoca el abandono total de la parte con interés y "después que otras sanciones hayan probado ser ineficaces en el orden de administrar justicia y, en todo caso, no debería procederse a ella sin un previo apercibimiento". *Mun. de Arecibo v. Almac. Yakima,* supra, citando a *Ramírez de Arellano v. Srio. de Hacienda,* 85 DPR 823, 829–830 (1962). Nuestro Más Alto Foro ha indicado que desestimar una demanda como medio de sanción tiene el efecto de despojar a un ciudadano de la función judicial de adjudicación que forma parte de nuestra estructura constitucional, privándole la oportunidad de un día en corte para hacer valer en los méritos su derecho a reclamar. *Íd; Echevarría Jiménez v. Sucn. Pérez Meri,* 123 DPR 664, 674–675 (1989), citando a J.A. Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil, San Juan,* Pubs. JTS, 1985, Vol. II, Cap. VI, pág. 206.

Por tanto, cuando el tribunal se enfrente a un escenario que amerita sanciones, este primero debe imponerlas al abogado de la parte. Si dicha acción disciplinaria no es exitosa, procederá la desestimación de la demanda o eliminación de las alegaciones únicamente después que la parte haya sido propiamente informada y apercibida de la situación y de las consecuencias que pueda tener si no se corrigen. *Mun. de Arecibo v. Almac. Yakima,* supra, págs. 222-223. Así:

> [U]na vez las partes expongan las razones por las cuales no se deba desestimar el caso, el tribunal debe balancear los intereses involucrados: " 'de un lado, la necesidad del tribunal de supervisar su calendario, el interés público en la resolución expedita de los casos y [más importante aún] el riesgo de p[er]juicio al demandado por la dilación; por lo que de no demostrarse p[er]juicio verdadero con la dilación es irrazonable ordenar el archivo' ". *Íd.,* citando a *Echevarría Jiménez v. Sucn. Pérez Meri,* supra.

**III.**

En su escrito, los apelantes argumentan que el foro *a quo* abusó de su discreción al desestimar el pleito de epígrafe. Aducen que a quien único perjudica dicho curso de acción es a la menor de edad demandante y a sus padres, aun cuando fueron los apelados quienes provocaron constantes retrasos en el litigio. Puntualizan que este caso no versa sobre una situación extrema de abandono de la causa de acción que amerite la imposición de la severa sanción de la desestimación con perjuicio. Por su parte, los apelados entienden que las particularidades del caso merecían la decisión tomada por el tribunal.

Examinado ponderadamente el expediente, concluimos que procede revocar el dictamen apelado. Veamos.

El **15 de septiembre de 2020**, el foro primario emitió una orden de mostrar causa a los apelantes para que expresaran, en 10 días, las razones de la inactividad del pleito y por qué no debía decretarse su archivo. Según surge del documento de notificación, dicho aviso se comunicó a los apelantes y a su representación legal. Asimismo, el **15 de junio de 2021**, por segunda ocasión, el TPI les confirió 10 días a los apelantes para que expresaran su posición en cuanto a una posible desestimación del caso por inactividad. Esta advertencia se recogió en una *Minuta* que se notificó a la representación legal de los apelantes. Estos últimos comparecieron para mostrar causa y **el tribunal dio por cumplida la orden**.

Es indiscutible que los apelantes han sido poco proactivos en la tramitación del caso y que los apelados han incumplido en múltiples ocasiones con las órdenes del foro primario. No obstante, ello de por sí no significa que la desestimación del caso era la vía correcta por tomarse. En particular a la controversia que hoy atendemos, el tribunal apercibió en dos (2) ocasiones a los apelantes de una posible desestimación por inactividad. A raíz del último

aviso, estos se expresaron y el TPI aceptó la moción para mostrar causa. Sin embargo, pasados aproximadamente año y medio de dicha acción, el foro de instancia desestimó con perjuicio la demanda de autos. Esta vez sin que del récord se desprenda una orden previa, al palio del inciso (b) de la Regla 39.2 de Procedimiento Civil, *supra.* Recordemos que, luego de cumplir con la aludida advertencia, es que el TPI está facultado a desestimar la demanda de una forma justificada.

Por entender que el TPI abusó de su discreción al imponer la extrema y severa sanción de la desestimación en las circunstancias que exhibe la presente causa, procede revocar la *Sentencia* apelada.

**IV.**

Por los fundamentos antes expuestos, revocamos la *Sentencia* apelada. Ante ello, reabrimos el caso y lo devolvemos al TPI para la continuación de los procedimientos conforme lo aquí resuelto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones