Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I[1]

| CARMEN ROJAS COSME<br><br>Apelante<br><br>v.<br><br>FIRSTBANK PUERTO RICO;<br>EMPRESAS MELCO<br><br>Apelados | KLAN202400009 | Apelación<br>Procedente del<br>Tribunal de Primera<br>Instancia, Sala<br>Superior de<br>Carolina<br><br>Civil Núm.:<br>CA2023CV01933<br><br>Sobre:<br>Acción Civil; Fraude<br>Injunction;<br>Embargo Ilegal |
|---|---|---|

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Marrero Guerrero.

Pagán Ocasio, juez ponente

## SENTENCIA

En San Juan, Puerto Rico, a 16 de enero de 2024.

### I.

El 3 de enero de 2024, la señora Carmen Rojas Cosme (señora Rojas Cosme o apelante), presentó ante este foro, por derecho propio, un *Alegato de la apelante* en el que solicitó que revoquemos una *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI), el 26 de septiembre de 2023, notificada y archivada en autos el 28 de septiembre de 2023.[2] En el dictamen, el TPI desestimó la *Demanda* presentada por la señora Rojas Cosme en contra de FirstBank Puerto Rico y Empresas Melco (parte apelada).

De umbral, debemos mencionar que la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B)

---

[1] Véase Orden Administrativa OAJP 2021-086.
[2] Apéndice del *Alegato de la apelante*, págs. 21-27.

(5), le confiere a este foro la facultad para prescindir de escritos, en cualquier caso, ante su consideración, con el propósito de lograr su más justo y eficiente despacho. Dadas las particularidades de este caso, prescindimos de la comparecencia de la parte apelada.

**II.**

El caso de maras tuvo su génesis en una *Demanda,* por derecho propio, sobre fraude y embargo ilegal incoada el 15 de junio de 2023 por la señora Rojas Cosme. En ella, la apelante alegó que: (1) el 31 de enero de 2003 adquirió una propiedad en la vía 37 VS-27 de Villa Fontana, Carolina, Puerto Rico, por el valor de $128,000.00; (2) posteriormente constituyó una hipoteca de $233,750.00 sobre la propiedad antes descrita ante la notaria Yvannie Arroyo Casillas; (3) la parte apelada no realizó ningún desembolsó de fondos a la señora Rojas Cosme, pero, aun así, gravó la propiedad mencionada con una hipoteca que duplica su valor; (4) FirstBank Puerto Rico le entregó la cantidad de $16,000.00 a Empresas Melco; y (5) previamente FirstBank Puerto Rico presentó una demanda en contra de la señora Rojas Cosme, la cual culminó con una orden de lanzamiento. De conformidad con lo anterior, la apelante solicitó: la concesión de un *injuction* con el fin de detener el lanzamiento en su contra y que se declare la hipoteca inexistente y contraria a la ley. También solicitó que se concedan: (1) la partida de un (1) millón de dólares por alegado fraude; (2) la cantidad de dos (2) millones de dólares por la orden de lanzamiento; (3) y la partida de dos (2) millones de dólares por alegados daños morales.[3]

En la misma fecha, el foro primario emitió una *Orden* en la que denegó la petición de representación por derecho propio de la

---

[3] Entrada Núm. 1 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

señora Rojas Come.[4] Ante ello, le concedió un término de quince (15) días para gestionar su representación legal.

Inconforme, el 29 de junio de 2023, la apelante presentó una *Moción para que se deje sin efecto orden*.[5] En síntesis, planteó que la Regla 9.3 de Procedimiento Civil, 32 LPRA, Ap. V. R. 9.3, le otorga el derecho de comparecer por derecho propio, por lo que la denegación de la autorrepresentación constituye una privación de sus derechos. Por su parte, el 18 de julio de 2023, el TPI emitió un dictamen en el que declaró "No ha lugar" la moción de reconsideración.[6]

El 31 de julio de 2023, la señora Rojas Cosme presentó, nuevamente y por derecho propio, una *Moción sobre jurisdicción*.[7] En la misma, argumentó que: (1) la parte apelada no contestó la demanda, a pesar de que recae en ella el peso de la prueba de demostrar que efectivamente le entregó el dinero a la señora Rojas Cosme; (2) en el caso anterior sobre ejecución de hipoteca, así como en el presente caso, la parte apelada no demostró haber entregado el dinero a la apelante; (3) en el caso anterior sobre ejecución de hipoteca, FirstBank Puerto Rico se limitó a exponer un recuento del caso y no presentó evidencia sobre la emisión de algún pago a favor de la apelante; y (4) dado a los hechos del caso y por razón de que el delito de fraude no prescribe, se debe dictar sentencia por las alegaciones.

En consecuencia, el 2 de agosto de 2023, el foro primario emitió una *Orden*.[8] En el referido dictamen, le impuso a la señora Rojas Cosme una sanción de doscientos dólares ($200.00), conforme lo dispone la Regla 9.3 de Procedimiento Civil, *supra*, por incumplir

---

[4] Apéndice del *Alegato de la apelante*, pág. 6.
[5] Entrada Núm. 4 del expediente digital del caso en el SUMAC.
[6] Entrada Núm. 5 del expediente digital del caso en el SUMAC.
[7] Entrada Núm. 8 del expediente digital del caso en el SUMAC.
[8] Entrada Núm. 9 del expediente digital del caso en el SUMAC.

con la *Orden* emitida el 18 de julio de 2023 que denegaba la representación por derecho propio.

Aun así, el 8 de agosto de 2023, la señora Rojas Cosme presentó una *Moción de inhibición (R63PC)* en la que reiteró que la Regla 9.3 de Procedimiento Civil, *supra*, le otorga el derecho a la autorrepresentación y que la presunción legal de fraude la protege.[9] Asimismo, sostuvo que: (1) el foro primario se desvió al imponerle una sanción de doscientos dólares ($200.000); (2) la parte apelada no ha respondido a pesar de haber transcurrido cincuenta y tres (53) días, lo que implica una admisión de las alegaciones de la demanda; y (3) procede que se anote la rebeldía y se dicte sentencia a su favor.

El 9 de agosto de 2023, FirstBank Puerto Rico presentó una *Solicitud de desestimación* en la que alegó que la señora Rojas Cosme lleva más de una década ocupando el tiempo y los recursos de distintos foros judiciales con la intención de dilatar los trámites relacionados con la ejecución de la *Sentencia* dictada en el caso de cobro de dinero y ejecución de hipoteca número FCD2006-2275.[10] Para respaldar su posición, enumeró las siguientes acciones presentadas por la apelante: (1) caso número 13-02050-BKT13 ante el Tribunal de Quiebras para el Distrito de Puerto Rico; (2) caso número FDP2017-0199 ante el Tribunal de Primera Instancia; (3) caso número 21-1066 ante el Tribunal Federal para el Distrito de Puerto Rico y (4) caso número 22-01742-ESL13 ante el Tribunal de Quiebras para el Distrito de Puerto Rico. Además, señaló que la señora Rojas Cosme presentó una *Reconvención* en el caso FCD2006-2275, planteando las mismas alegaciones que las incluidas en la *Demanda* presentada el 15 de junio de 2023 en el caso CA2023CV01933. También, indicó que la señora Rojas Cosme

---

[9] Entrada Núm. 10 del expediente digital del caso en el SUMAC.
[10] Entrada Núm. 11 del expediente digital del caso en el SUMAC.

presentó una multitud de recursos ante los foros superiores, incluyendo los casos número CC2018-0147 ante el Tribunal Supremo; KLAN201901089 y KLAN202200839 ante el Tribunal de Apelaciones, sin lograr prevalecer en ninguno de ellos. Por ello, solicitó que se tome conocimiento judicial de los expedientes de los casos antes mencionados, incluyendo el caso número FCD2006-2275, el cual se está ventilando en el Tribunal de Primera Instancia ante el Hon. Ismael Álvarez Burgos. De la misma manera, solicitó la desestimación con perjuicio, así como la imposición de costas y honorarios de abogado por temeridad.

El 16 de agosto de 2023, el foro primario emitió una *Orden* en la que dispuso que no procede lo solicitado por la señora Rojas Cosme en la *Moción de inhibición (R63PC)* presentada el 8 de agosto de 2023.[11] Aun así, refirió los autos a la Jueza Administradora con el fin de que designe un juez que resuelva la moción de recusación. En consonancia con lo anterior, el 17 de agosto de 2023, la Hon. Nereida Feliciano Ramos emitió una *Resolución* en la que declaró "No ha lugar" la moción de recusación presentada por la apelante.[12]

Posterior a ello, la apelante presentó, nuevamente y sin representación legal, varias mociones sobre recusación. Específicamente, (1) el 23 de agosto de 2023, presentó la *Moción de inhibición atada a injuction de ejecución sentencia nula por falta de pago*[13]; (2) el 6 de septiembre de 2023 presentó la *Moción de inhibición, rebeldía y sentencia*[14]; y, (3) el 19 de septiembre de 2023, presentó la *Moción a inhibición sometida por la propia juez de instancia*[15]. En estas mociones, expuso argumentos similares a los incluidos en la primera moción de recusación presentada el 8 de agosto de 2023.

---

[11] Entrada Núm. 14 del expediente digital del caso en el SUMAC.
[12] Entrada Núm. 16 del expediente digital del caso en el SUMAC.
[13] Entrada Núm. 19 del expediente digital del caso en el SUMAC.
[14] Entrada Núm. 22 del expediente digital del caso en el SUMAC.
[15] Entrada Núm. 26 del expediente digital del caso en el SUMAC.

El 26 de septiembre de 2023, el foro primario emitió una *Sentencia* en la que dispuso la desestimación y archivo de la demanda por incumplimiento con las órdenes del tribunal, de conformidad con lo dispuesto en la Regla 39.2 (a) de Procedimiento Civil, *supra*, R. 39.2 (a)[16]. En concreto, el foro primario reiteró que previamente había instruido a la señora Rojas Cosme a obtener representación legal, ya que no se le autorizó a representarse por derecho propio. No obstante, la apelante compareció en múltiples ocasiones sin haber gestionado representación legal.

El 5 de octubre de 2023, la señora Rojas Cosme presentó una *Moción de relevo, nulidad, falta de jurisdicción* en la que sostuvo que el foro primario cometió una serie de errores.[17] Es relevante destacar que, los errores señalados por la señora Rojas Cosme son una repetición de los argumentos presentados a lo largo de todas sus mociones anteriores.

De acuerdo con la Regla 49.1 de Procedimiento Civil, *supra*, R. 49.1, el 21 de diciembre de 2023, el foro primario emitió una *Resolución* en la que declaró "No ha lugar" la *Moción de relevo, nulidad, falta de jurisdicción*.[18] A su vez, subsanó el error referente al apellido de la apelante en dictámenes anteriores, donde la había identificado como Carmen **Gómez** Cosme en lugar de Carmen **Rojas** Cosme. Además, reafirmó que el error no tiene un impacto sustancial en el caso ni afectó los derechos de la apelante. En consecuencia, emitió los siguientes dictámenes: (1) *Orden enmendada nunc pro tunc*[19] y (2) *Sentencia nunc pro tunc*[20], con el fin de enmendar la *Sentencia* emitida el 26 de septiembre de 2023 y la *Orden* emitida el 24 de agosto de 2023, así como cualquier otra

---

[16] Entrada Núm. 27 del expediente digital del caso en el SUMAC. Cabe resaltar que la *Sentencia* fue notificada el 28 de septiembre de 2023.
[17] Entrada Núm. 32 del expediente digital del caso en el SUMAC.
[18] Entrada Núm. 36 del expediente digital del caso en el SUMAC.
[19] Entrada Núm. 35 del expediente digital del caso en el SUMAC.
[20] Entrada Núm. 37 del expediente digital del caso en el SUMAC.

orden o resolución que conste en el expediente para sustituir toda mención del apellido Gómez por el apellido Rojas.

Inconforme, la señora Rojas Cosme presentó ante nos y por derecho propio un *Alegato de la apelante* e imputó al TPI los siguientes errores:

> **PRIMER SEÑALAMIENTO DE ERROR:** ERRÓ [EL TPI] AL NO APLICAR EL DEBIDO PROCESO DE LEY PROCESAL.
>
> **SEGUNDO SEÑALAMIENTO DE ERROR:** ERRÓ [EL TPI] AL NO APLICAR EL DEBIDO PROCESO DE LEY SUSTANTIVO.
>
> **TERCER SEÑALAMIENTO DE ERROR:** ERRÓ [EL TPI] AL NO APLICAR LOS PRINCIPIOS GENERALES DE DERECHO, "QUE ESTÁN POR ENCIMA DE LA MISMA CONSTITUCIÓN".
>
> **CUARTO SEÑALAMIENTO DE ERROR:** ERRÓ [EL TPI] AL NO APLICAR EL NUEVO CÓDIGO CIVIL, QUE EN EL ARTÍCULO 7 LE ORDENA: "LA LEY OBLIGA".

A continuación, pormenorizaremos las normas jurídicas atinentes a este recurso de *apelación*.

### III.

### A.

La representación por derecho propio en casos de índole civil se rige por las disposiciones de la Regla 9.4 de Procedimiento Civil, *supra*, R. 9.4. Dicha regla establece lo siguiente:

> Las personas naturales en los casos civiles ordinarios podrán representarse. La persona que se autorepresenta deberá cumplir con los requisitos siguientes:
>
> (a) que la persona no está representada por abogado o abogada;
>
> (b) que la decisión de autorepresentación es voluntaria e inteligente, así como con pleno conocimiento de causa y de que la persona será tratada como cualquier otra parte representada por abogado o abogada;
>
> (c) **que la persona puede representarse a sí misma de manera adecuada, de acuerdo a la complejidad de la controversia a adjudicarse;**
>
> (d) **que la persona tiene los conocimientos mínimos necesarios para defender adecuadamente sus intereses, cumplir con las reglas procesales y alegar el derecho sustantivo aplicable, y**
>
> (e) **que la autorrepresentación no va a causar o contribuir a una demora indebida o a una interrupción de los procedimientos, que no entorpecerá la adecuada administración de la justicia** ni atentará contra la dignidad del tribunal, de las partes o de sus abogados o abogadas.

> El tribunal deberá asegurarse de que la persona cumple con estos requisitos a partir de su comparecencia inicial y durante todo el proceso. **El incumplimiento con alguno de estos requisitos será causa justificada para suspender su autorrepresentación.** Cuando el tribunal suspenda la autorrepresentación de una persona, le ordenará que en determinado plazo comparezca representada por abogado o abogada.

(Énfasis nuestro).

Además, el Tribunal Supremo de Puerto Rico ha establecido que el derecho a autorepresentarse no es absoluto e ilimitado, debido a que existen consideraciones que podrían inducir correctamente a un juzgador de los hechos a negar a las partes, en determinados casos, la oportunidad de representarse por derecho propio en los procedimientos judiciales. *Lizarribar v. Martínez Gelpí*, 121 DPR 770, 785 (1988). Cada una de estas consideraciones deberán ser justamente balanceadas por el tribunal, atendiendo las circunstancias particulares del caso, los intereses de las partes y la eficiencia en la administración de la justicia. Íd., pág. 786.

**B.**

La Regla 1 de Procedimiento Civil, 32 LPRA Ap. V, R. 9.4 establece que dichas reglas "[s]e interpretaran de modo que faciliten el acceso a los tribunales y el manejo del proceso, de forma que garanticen una solución justa, rápida y económica de todo procedimiento". A pesar de que el ordenamiento favorece que los casos se ventilen en sus méritos, las Reglas de Procedimiento Civil proveen medidas para descongestionar los tribunales de forma que se descarten los pleitos que atrasan el calendario. *Sánchez Rodríguez v. Adm. De Corrección*, 177 DPR 714 (2009). A esos efectos, la Regla 39.2 de las de Procedimiento Civil, *supra*, establece bajo qué parámetros procede la desestimación de un pleito:

> (a) **Si el demandante deja de cumplir con estas reglas o con cualquier orden del tribunal**, **el tribunal** a iniciativa propia o a solicitud del demandado **podrá decretar la desestimación del pleito** o de cualquier reclamación contra él, o la eliminación de las alegaciones, según corresponda.

Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder. Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o la abogada de la parte y se notificará directamente a la parte sobre la situación. **Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que ésta no sea corregida, el tribunal podrá ordenar la desestimación del pleito** o la eliminación de las alegaciones. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación, que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término.

[...]

(Énfasis nuestro).

Sin embargo, tal como se desprende de la propia regla, ante el primer incumplimiento, la desestimación no procede de forma automática. El tribunal debe, en primera instancia, apercibir a la parte de la situación. Si lo anterior no surte efectos, "únicamente después que la parte haya sido propiamente informada y apercibida de la situación y de las consecuencias que pueda tener el que esta no sea corregida", procederá la imposición de la desestimación. *Mun. De Arecibo v. Almac Yakima*, 154 DPR 217 (2001).

Ahora bien, cuando la parte exponga las razones por las que no se debe desestimar el caso, el tribunal deberá realizar un balance entre: "la necesidad del tribunal de supervisar su calendario, el interés público en la resolución expedita de los casos, y el riesgo de perjuicio al demandado por la dilación". *Echevarría Jiménez v. Sucn. Pérez Meri*, 123 DPR 664 (1989). "[D]e no demostrarse perjuicio verdadero con la dilación es irrazonable ordenar el archivo" del caso. Íd. En síntesis, la desestimación de un caso debe proceder en situaciones extremas en las que se haya demostrado inequívocamente el incumplimiento reiterado con las órdenes del tribunal, y después que se hayan impuesto otras sanciones. Además, ha sido resuelto en reiteradas ocasiones que la

desestimación de un pleito como medio de sanción debe ser el último recurso, a utilizarse después que otras sanciones hayan demostrado ser ineficaces. ***Ramírez de Arellano v. Srio. De Hacienda***, 85 DPR 823, 929-830 (1962).

**IV.**

Ciertamente, nuestro ordenamiento reconoce el derecho a la autorepresentación. No obstante, este derecho no es absoluto y la persona que desee autorepresentarse debe cumplir con los requisitos de la Regla 9.4 de Procedimiento Civil, *supra.* Así pues, el incumplimiento con alguno de los requisitos será causa justificada para suspender la autorrepresentación.

Asimismo, el incumplimiento reiterado con las órdenes del tribunal es razón suficiente para decretar la desestimación del pleito, previo apercibimiento.

Tras un análisis objetivo y cuidadoso de la totalidad del expediente ante nuestra consideración, resolvemos que el TPI no incurrió en error, perjuicio, parcialidad ni abusó de su discreción al desestimar la demanda presentada por la señora Rojas Cosme ni resolvió contrario a derecho. En efecto, la apelante ha comparecido por derecho propio en múltiples ocasiones. En respuesta a sus peticiones, el foro primario le ordenó reiteradamente que gestionara representación legal, debido a que no se le autorizó representarse por derecho propio. Además, le impuso una sanción económica de doscientos dólares ($200.00) y le apercibió sobre las consecuencias de no corregir la situación. A pesar de ello, no compareció mediante representación legal, incumpliendo con la *Orden* del TPI emitida el 24 de agosto de 2023.

Por lo cual, el foro recurrido actuó conforme a derecho. La apelante incumplió crasamente todas las órdenes del foro judicial. En virtud de lo anterior, procede confirmar la *Sentencia* apelada, lo

cual conlleva la desestimación de la demanda incoada por la señora Rojas Cosme.

**V.**

Por todo lo antes expuesto, se *confirma* la Sentencia apelada.

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones