ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| JULY BULERIN<br>GLORIAN ROSA PINA<br>KAREN ORTIZ<br>MARIELYS TORRES<br>TAMAR SÁNCHEZ CRUZ<br><br>Recurrentes<br><br>v.<br><br>DEPARTAMENTO DE LA FAMILIA<br><br>Recurridos | KLRA202400579 | *Revisión Administrativa* procedente de la Junta Adjudicativa del Departamento de la Familia<br><br>Caso Núm.:<br>2022 PPSF 00116<br>2022 PPSF 00117<br>2022 PPSF 00118<br>2022 PPSF 00119<br>2022 PPSF 00120<br>2022 PPSF 00141<br><br>Sobre: Maltrato Institucional |

Panel integrado por su presidenta, la Jueza Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm.

*Prats Palerm, Jueza Ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de diciembre de 2024.

Comparecen July Bulerín, Glorian Rosa Pina, Karen Ortiz, Marielys Torres y Tamar Sánchez Cruz ("Recurrentes") mediante revisión administrativa y solicitan que revoquemos la *Resolución* emitida el 1 de agosto de 2024 por la Junta Adjudicativa del Departamento de la Familia ("Junta Adjudicativa"). Mediante el referido dictamen, la Junta Adjudicativa desestimó con perjuicio el recurso de apelación presentado por los Recurrentes, por abandono y falta de interés.

Por los fundamentos que expondremos a continuación, se *Confirma* el dictamen recurrido.

**I.**

El 24 de mayo de 2022, los Recurrentes presentaron un recurso de *Apelación* ante la Junta Adjudicativa, por estar inconforme con la notificación de Acción Tomada por parte de la Administración de Familias y Niños ("ADFAN"), tras el resultado de *Con Fundamento* de una investigación sobre maltrato institucional.

Luego de varios trámites procesales, el 6 de diciembre de 2023, se celebró una vista sobre estado de los procedimientos. En esta, las partes le notificaron al Oficial Examinador que presentarían un memorando de derecho que contendría los hechos y la evidencia estipulada, y sus posturas. Como corolario, el Oficial Examinador les ordenó presentar el memorando antes del 21 de febrero de 2024. Transcurrido el término provisto sin la presentación del memorando, el 18 de marzo de 2024, la Junta Adjudicativa concedió un término final de diez (10) días para cumplir con lo ordenado.

El 10 de junio de 2024, la Junta Adjudicativa notificó una *Orden para Mostrar Causa,* concediéndole un término final de cinco (5) días a las partes, para que justificaran el incumplimiento y para que los Recurrentes expresaran las razones por las cuales la apelación no debía ser desestimada.

Posteriormente, el 1 de agosto de 2024, la Junta Adjudicativa notificó una *Resolución,* mediante la cual desestimó con perjuicio la apelación instada por los Recurrentes, por abandono y falta de interés. En específico, la Junta Adjudicativa concluyó que, la apelación fue radicada hace más de dos años y los Recurrentes no habían demostrado interés en que su reclamo fuera atendido. Asimismo, puntualizó que, a la fecha del dictamen, los Recurrentes no se habían comunicado con el foro adjudicador, ni habían presentado justificación alguna ante el incumplimiento con las órdenes.

El 29 de agosto de 2024, los Recurrentes presentaron una solicitud de reconsideración.[1] Así, pues, el 16 de septiembre de 2024, la Junta Adjudicativa denegó la reconsideración solicitada.

Insatisfechos, el 16 de octubre de 2024, los Recurrentes acudieron ante esta Curia mediante solicitud de revisión administrativa, intitulada *Alegato de la Parte Apelante.* Los Recurrentes señalaron la comisión del siguiente error:

> **Err[ó] el TPI *[sic]* declarar *[sic]* No Ha Lugar a la Moción en de *[sic]* Reconsideración y desestimar el recurso de Apelación ante la Agencia como medida de sanción, privando a la parte apelante a su día en corte.**

---

[1] Adviértase que, desconocemos el contenido de la solicitud de reconsideración instada por los Recurrentes ante la Junta Adjudicativa, toda vez que la misma no fue presentada ante esta Curia para nuestra consideración.

El 22 de noviembre de 2024, el Departamento de la Familia presentó una *Solicitud de Desestimación,* por incumplimiento con la Regla 59 (E)(1) de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 59, debido a que los Recurrentes omitieron incluir en el Apéndice la solicitud de reconsideración instada ante el foro administrativo.

Examinado el expediente, a la luz del derecho aplicable, eximimos a la parte recurrida de presentar su alegato en oposición e, igualmente, eximimos a la parte recurrente de notificar su oposición a la solicitud de desestimación, conforme faculta la Regla 7 (B)(5) del Reglamento de Apelaciones, 4 LPRA Ap. XXII-A, R. 7 (B)(5). Así las cosas, nos encontramos en posición de resolver.

## II.

### -A-

La Sección 4.1 de la Ley Núm. 38 de 30 de junio de 2017, según enmendada, conocida como la "*Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*" ("LPAU"), 3 LPRA sec. 9671, dispone que las decisiones administrativas pueden ser revisadas por el Tribunal de Apelaciones. La finalidad de esta disposición es delimitar la discreción de los organismos administrativos para asegurar que estos ejerzan sus funciones conforme a la ley y de forma razonable. *Hernández Feliciano v. Mun. Quebradillas,* 211 DPR 96, 113-114 (2023). Es norma reiterada que, al revisar las determinaciones de los organismos administrativos, los tribunales apelativos le conceden gran consideración y deferencia, por la experiencia y el conocimiento especializado que estos poseen. *Íd.*

Por su parte, la Sección 4.5 de la LPAU, 3 LPRA sec. 9675, establece que los tribunales deben sostener las determinaciones de hechos de las agencias si están basadas en "*evidencia sustancial que obra en el expediente administrativo*". Como vemos, la norma anterior nunca ha pretendido ser absoluta. Por eso, el Tribunal Supremo ha resuelto con igual firmeza que, los tribunales no podemos imprimirle un sello de corrección, so pretexto de deferencia, a las determinaciones o interpretaciones administrativas

irrazonables, ilegales, o simplemente contrarias a derecho. *Super Asphalt v. AFI y otro*, 206 DPR 803 (2021); *Graciani Rodríguez v. Garaje Isla Verde*, 202 DPR 117 (2019).

Por otro lado, la citada Sección 4.5 del precitado estatuto, *supra*, dispone que "*[l]as conclusiones de derecho serán revisables en todos sus aspectos por el tribunal*". Aun así, se sustituirá el criterio de la agencia cuando no se pueda hallar fundamento racional que explique o justifique el dictamen administrativo. *Rolón Martínez v. Superintendente*, 201 DPR 26 (2018). Por ende, "*los tribunales deben darle peso y deferencia a las interpretaciones que la agencia realice de aquellas leyes particulares que administra*". *Íd.* Lo anterior responde a la vasta experiencia y al conocimiento especializado que tienen las agencias sobre los asuntos que le son encomendados. *Capó Cruz v. Junta de Planificación*, 204 DPR 581 (2020).

Por consiguiente, dada la presunción de corrección y regularidad que reviste a las determinaciones de hecho elaboradas por las agencias administrativas, éstas deben ser respetadas mientras la parte que las impugna no produzca evidencia suficiente para derrotarlas. *Graciani Rodríguez v. Garaje Isla Verde, supra*. Al revisar las decisiones de las agencias, el criterio rector que debe guiar a los tribunales es la razonabilidad de la actuación, aunque esta no tiene que ser la única o la más razonable. *Hernández Feliciano v. Mun. Quebradillas, supra*.

Por lo tanto, si al momento de examinar un dictamen administrativo se determina que: (1) la decisión administrativa no está basada en evidencia sustancial; (2) la agencia erró en la aplicación de la ley; (3) el organismo administrativo actuó de manera irrazonable, arbitraria o ilegalmente; o (4) su actuación lesiona derechos constitucionales fundamentales, entonces la deferencia hacia los procedimientos administrativos cede. *Íd.*

Acorde con lo antes expuesto, la revisión judicial de los dictámenes administrativos está limitada a determinar si hay evidencia sustancial en el expediente para sostener la conclusión de la agencia o si esta actuó de forma

arbitraria, caprichosa o ilegal. *Íd.* Por tanto, si una parte afectada por un dictamen administrativo impugna las determinaciones de hecho, esta tiene la obligación de derrotar, con suficiente evidencia, que la decisión del ente administrativo no está justificada por una evaluación justa del peso de la prueba que tuvo ante su consideración. *Capó Cruz v. Junta de Planificación, supra; Rebollo v. Yiyi Motors,* 161 DPR 69, 77 (2004). De no identificarse y demostrarse esa otra prueba en el expediente administrativo, las determinaciones de hechos deben sostenerse por el tribunal revisor, pues el recurrente no ha logrado rebatir la presunción de corrección o legalidad. *O.E.G. v. Rodríguez,* 159 DPR 98, 118 (2003).

-**B**-

En nuestro ordenamiento, "*la función del tribunal sentenciador es atender los casos y asuntos inmediatamente ante su consideración*". *Vives Vázquez v. E.L.A.,* 142 DPR 117, 141 (1996). En ese sentido y de ordinario, los tribunales están obligados a intervenir oportuna y efectivamente para desalentar la falta de diligencia y el incumplimiento de sus órdenes. *Mejías et. al. v. Carrasquillo et al.,* 185 DPR 288, 298 (2012); *Dávila v. Hosp. San Miguel, Inc.,* 117 DPR 807, 819 (1986). Por tanto, si el tribunal determina que la conducta de una parte es tal que perjudica y entorpece los procedimientos tiene "*amplia facultad para prohibir, sancionar o castigar este tipo de conducta y actitud*". *Rivera* v. *Insular Wire Products Corp.,* 140 DPR 912, 930 (1996). Cónsono con lo anterior, nuestro más Alto Foro ha resuelto que "*[e]l abandono del pleito por inactividad o la falta de emplazamiento dentro del término provisto por ley provocan demoras innecesarias que tienen consecuencias perjudiciales no tan sólo para un efectivo sistema de justicia, sino para el demandado*". *Rodríguez v. Adm. de Corrección,* 177 DPR 714, 721 (2009).

No obstante, en nuestra jurisdicción impera la política judicial de que los casos se ventilen en sus méritos, a fin de cumplir con el interés de que todo litigante tenga su día en corte. *Mejías et al. v. Carrasquillo et al., supra; Mun. de Arecibo v. Almac. Yakima,* 154 DPR 217 (2001); *Amaro González v.*

*First Fed. Savs.*, 132 DPR 1042 (1993). Así pues, aunque las partes tienen el deber de ser diligentes y proactivos en el manejo procesal de sus casos, la desestimación de las causas de acciones es una medida extrema y drástica a la cual los tribunales no deben acudir desmesuradamente. *Sánchez Rodríguez v. Adm. de Corrección*, 177 DPR 714 (2009); *Banco Popular v. S.L.G. Negrón*, 164 DPR 855, 864 (2005).

La Sección 3.21 de la LPAU, 3 LPRA sec. 9661, establece que las agencias, en su función cuasijudicial, podrán imponer sanciones en las siguientes circunstancias:

(a) Si el promovente de una acción, o el promovido por ella, dejare de cumplir con las reglas y reglamentos o con cualquier orden del jefe de la agencia, del juez administrativo o del oficial examinador, la agencia a iniciativa propia o a instancia de parte podrá ordenarle que muestre causa por la cual no deba imponérsele una sanción. La orden informará de las reglas, reglamentos u órdenes con las cuales no se haya cumplido, y se concederá un término de veinte (20) días, contados a partir de la fecha de notificación de la orden, para la mostración de causa. De no cumplirse con esa orden, o de determinarse que no hubo causa que justificare el incumplimiento, entonces se podrá imponer una sanción económica a favor de la agencia o de cualquier parte, que no excederá de doscientos (200) dólares por cada imposición separada, a la parte o a su abogado, si este último es el responsable del incumplimiento.

(b) **Ordenar la desestimación de la acción en el caso del promovente**, o eliminar las alegaciones en el caso del promovido, **si después de haber impuesto sanciones económicas y de haberlas notificado a la parte correspondiente, dicha parte continúa en su incumplimiento de las órdenes de la agencia.**

(c) Imponer costas y honorarios de abogados, en los mismos casos que dispone la Regla 44 de Procedimiento Civil, según enmendada.

(Énfasis y subrayado suplido)

Por otro lado, los procedimientos de adjudicación ante la Junta Adjudicativa del Departamento de la Familia están regulados por el *Reglamento para Establecer los Procedimientos de Adjudicación de Controversias ante la Junta Adjudicativa del Departamento de la Familia*, Reglamento Núm. 9491, del 24 de agosto de 2023 ("Reglamento Núm.

9491"). En caso de incumplimiento con las órdenes del foro adjudicador, el Artículo 19 del Reglamento Núm. 9491 le concede a la Junta Adjudicativa las siguientes facultades:

> La Junta o los Oficiales Examinadores designados, por iniciativa propia o a instancia de Parte, podrán decretar sanciones por cada incumplimiento separado, a las Partes, representantes autorizados o ambos, cuando estos dejen de cumplir con lo dispuesto en este Reglamento, alguna de las ordenes o resoluciones emitidas. Las sanciones podrán imponerse a favor de la Junta o de cualquier Parte, tomando en consideración el perjuicio y costos adicionales del proceso, causados por el incumplimiento.

> El **reiterado incumplimiento** por las partes **ante las ordenes emitidas** pueden conllevar la imposición de las siguientes:
> 1. sanciones económicas las cuales no excederán de doscientos dólares ($200.00 USD) por cada imposición separada;
> 2. **la desestimación de la acción en el caso de la parte apelante**; [...]

(Énfasis suplido)

Asimismo, nuestro más Alto Foro ha reconocido como norma que, antes de proceder a la desestimación de un caso como sanción, **debe haber quedado demostrado de forma clara e inequívoca la desatención y el abandono total de la parte con interés,** y "*después que otras sanciones hayan probado ser ineficaces en el orden de administrar justicia y, en todo caso, no debería procederse a ella sin un previo apercibimiento*". *Ramírez de Arellano v. Srio. de Hacienda*, 85 DPR 823, 829-830 (1962); *Mun. de Arecibo v. Almac. Yakima, supra*, pág. 222.

**III.**

El Departamento de la Familia solicita la desestimación del recurso de epígrafe, en virtud de la Regla 59 (E)(1) de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 59. La parte recurrida expone que, los Recurrentes omitieron incluir en el Apéndice del recurso la solicitud de reconsideración instada ante la Junta Adjudicativa. Por tanto, arguyen que esta Curia está impedida de determinar si el término para acudir en revisión administrativa fue interrumpido oportunamente.

Antes de ejercer nuestra función revisora, debemos auscultar si esta Curia posee jurisdicción para atender el presente asunto. El inciso (d) de la

Regla 59 (E)(1) de nuestro Reglamento, *supra,* dispone que, el recurso de revisión deberá contener un Apéndice que incluirá una copia literal de "*[t]oda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión*". El incumplimiento del precitado requisito priva a esta Curia de acreditar su jurisdicción sobre la controversia.

A pesar de que el Apéndice del recurso carece de la solicitud de reconsideración instada ante la Junta Adjudicativa, el mismo contiene la *Resolución* mediante la cual se denegó la referida reconsideración. Surge de los documentos que, el 16 de septiembre de 2024, el foro administrativo denegó la reconsideración presentada por los Recurrentes. Mediante el referido dictamen, la Junta Adjudicativa le apercibió a la parte recurrente sobre su derecho de solicitar revisión judicial dentro de un término de treinta (30) días, contados a partir de su notificación. De manera oportuna, el 16 de octubre de 2024, los Recurrentes comparecieron ante nos. Por todo lo cual, esta Curia está en posición de asumir jurisdicción sobre el recurso de epígrafe.

Ahora bien, los Recurrentes alegan que la Junta Adjudicativa incidió al desestimar la apelación, como sanción por falta de interés y abandono del recurso. Particularmente, señalan que, las Reglas de Procedimiento Civil estipulan que, previo a desestimar la acción, el foro recurrido venía obligado a imponer otras sanciones menos drásticas. No les asiste la razón. Explicamos.

El 6 de diciembre de 2023, las partes acordaron presentar un memorando de derecho que recogería los hechos incontrovertidos, la evidencia estipulada y sus posturas. Ante ello, el foro adjudicador les concedió hasta el 21 de febrero de 2024 para notificar sus escritos. Transcurrido el término concedido, el 18 de marzo de 2024, la Junta Adjudicativa, *motu proprio*, les otorgó una prórroga final de (10) días. Ante la dejadez de las partes, el 10 de junio de 2024, la Junta Adjudicativa les confirió un plazo de cinco (5) para justificar el incumplimiento, so pena de

desestimación. Como resultado del reiterado incumplimiento, el 1 de agosto de 2024, la Junta Adjudicativa desestimó con perjuicio la apelación presentada por la parte recurrente.

La Sección 3.21 de la LPAU, *supra,* así como el Artículo 19 del Reglamento Núm. 9491, le conceden a la Junta Adjudicativa la facultad de desestimar la acción, como sanción ante el reiterado incumplimiento con las órdenes emitidas, luego de que la parte haya sido debidamente apercibida.  En el caso de autos, previo a desestimar el recurso, el foro administrativo le ordenó a los Recurrentes a comparecer al procedimiento y mostrar causa por la cual no debía desestimar la acción. No obstante, la parte recurrente incumplió con lo ordenado y continuó desatendiendo el procedimiento ante la Junta Adjudicadora. Nos resulta evidente que, los Recurrentes desplegaron un patrón de incumplimiento ante las órdenes del foro adjudicador, lo que evidenció su desinterés y total abandono del procedimiento.

Por otra parte, en vista de que la parte recurrente no presentó ante nos la solicitud de reconsideración instada ante la Junta Adjudicadora, desconocemos el contenido de esta o sus fundamentos. De igual manera, los Recurrentes no justificaron ante esta Curia su incumplimiento con las órdenes del foro adjudicador. Por tanto, no encontramos razón para rebatir la presunción de corrección que le asiste a la determinación del foro administrativo.

**IV.**

Por los fundamentos que anteceden, se *Confirma* el dictamen recurrido.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones. La Jueza Álvarez Esnard concurre sin escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones