ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| **JOSÉ MARCEL SANTIAGO DURÁN; YANESSA LIZMAR INÉS SANTIAGO DURÁN por sí y en representación de la menor K.A.S.B; PATRICIA ANN WELSH; JAMIEN LYNN FIELS en representación de la menor J.M.R.S**<br><br>Apelantes<br><br><br>**EX PARTE** | TA2025AP00607 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br><br>Civil Núm.: BY2022RF02200<br><br>Sobre: Autorización Judicial, Venta y Partición de Herencia |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Cintrón Cintrón, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 16 de diciembre de 2025.

Comparece ante este foro revisor, el Sr. José Santiago Durán, la Sra. Yanessa Santiago Durán y la Sra. Patricia Ann Welsh (en conjunto, parte apelante) mediante *Escrito de apelación* y nos solicitan que revoquemos la *Sentencia* emitida el 28 de octubre de 2025 por el Tribunal de Primera Instancia (TPI), Sala Superior de Bayamón. Mediante el referido dictamen, se desestimó la causa de acción de epígrafe, sin perjuicio, al amparo de la Regla 39.1 (b) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 39.1.

Por los fundamentos que expondremos a continuación, se confirma la *Sentencia* apelada, por otro fundamento.

### I.

El 9 de diciembre de 2022, el Sr. Marcel Santiago Durán, la Sra. Yanessa Santiago Durán, la Sra. Patricia Ann Welsh, el Sr. Ramírez Jamie Lynn Fields, en representación del menor J.M.R.S., y el Sr. Stephen Todd Berry, en representación del menor K.A.S.B.,

(en conjunto, los peticionarios) incoaron una *Petición Juramentada* sobre venta, autorización judicial y partición de herencia.

En su escrito, manifestaron que el Sr. José Santiago Matías (causante) había fallecido en el año 2017 dejando su Testamento Abierto bajo la Escritura número 29, otorgada el 26 de junio de 2025, ante el Notario Manuel Reyes Dávila. Sostuvieron que, en dicho testamento, el causante designó como sus únicos y universales herederos a sus hijos, José y Yanessa Santiago Durán, a sus nietos menores de edad y a su esposa Patricia Welsh. Los peticionarios detallaron, a su vez, que el inventario de los bienes que poseían en comunidad, sujetos a adjudicación y liquidación del caudal hereditario, se desglosaba de la siguiente forma:

| Descripción bien inmueble | Valor relevo herencia |
|---|---|
| 1. Propiedad Comercial 1er. piso Cond. Vista Bahía Cataño. | $100,000.00 |
| 2. Apartamento A, 2do. piso, Cond. Vista Bahía Cataño. | $50,000.00 |
| 3. Apartamento B, 2do. piso, Cond. Vista Bahía Cataño. | $50,000.00 |
| 4. Solar #4, Bo. Santa Olaya, Bayamón. | $50,000.00 |
| 5. Solar #5, Bo. Santa Olaya, Bayamón. | $40,000.00 |
| 6. Solar #7, Bo. Santa Olaya, Bayamón. | $20,000.00 |
| 7. Solar #8, Bo. Santa Olaya, Bayamón. | $80,000.00 |
| 8. Solar 12.22 cuerdas, Bo. Unibón y Cuchillas, Morovis. | $275,000.00 |
| 9. Predio #1, Cabida 5.7424 cuerdas, Bo. Monte Llanos y Cuchillas, Morovis. | $200,000.00 |
| 10. Predio II, Cabida 2.4520 cuerdas, Bo. Monte Llanos y Cuchillas, Morovis. | $200,000.00 |
| 11. Solar remanente Venus Gardens, San Juan. | $300,000.00 |

Por ello, solicitaron al foro primario que aprobara el inventario de bienes y el cuaderno particional juramentado, así como que autorizara, en favor de los menores, la escritura de compraventa de uno de los bienes inmuebles localizados en Bayamón y de los tres (3) localizados en Cataño, entre otros remedios.

Ante ello, el 14 de diciembre de 2022, el foro primario emitió una *Orden* concediéndole veinte (20) días al Procurador de Asuntos de Familia para que presentara su réplica.

En cumplimiento, el 9 de enero de 2023, la Procuradora de Asuntos de Familia presentó su escrito intitulado *Informe Fiscal*. Mediante el mismo, sostuvo que, si bien de ordinario la venta de bienes inmuebles pertenecientes a una comunidad hereditaria no requiere intervención judicial, en los casos en que entre los miembros de ésta existan menores de edad, los padres deberán contar con autorización judicial. Por ello, manifestó que los peticionarios debían demostrar que dichas transacciones eran útiles y necesarias y, consecuentemente, beneficiosas para los menores. Asimismo, señaló que la sala del foro de instancia solo tenía competencia para atender la venta de las propiedades inmuebles localizadas en Cataño y Bayamón.

En respuesta, el 13 de febrero de 2023, los peticionarios instaron una *Moción en Cumplimiento de Orden sobre Réplica al Informe Fiscal*. En esta, arguyeron que residían en diversas partes de Estados Unidos pero convinieron someterse voluntariamente a la competencia de la Sala Superior de Bayamón para que en el bienestar de los menores se autorizara la venta de los bienes inmuebles y se realizara la adjudicación y partición de herencia. Sostuvieron, además, que en la presente controversia aplicaba la doctrina del foro más conveniente toda vez que litigar la solicitud de autorización, adjudicación y partición de la herencia en distintas salas del foro primario conllevaría que tuvieran que incurrir en gastos sustanciales de comparecencia, honorarios de perito tasador, traductores, nuevos estudios de título y demás gastos relacionados al proceso judicial. Añadieron también que, por el bienestar de los menores, era más conveniente que se atendieran todos los asuntos en una misma sala y así evitar determinaciones incompatibles.

Luego de varias incidencias procesales, incluida la celebración de una vista, el 5 de abril de 2023, el foro de instancia emitió una *Resolución Parcial* aprobando la venta de las once (11) propiedades, por entender que las mismas eran beneficiosas para los menores. A su vez, dispuso que luego de descontados los gastos inherentes a las ventas de las propiedades, la suma total debía ser consignada en su totalidad en la secretaría del tribunal. Además, emitió orden autorizando el traslado del caso a la Sala Civil del Tribunal de Primera Instancia, Región Judicial de Bayamón para que se procediera con el proceso de partición de la herencia según solicitado por los peticionarios.

Posteriormente, el 22 de mayo de 2025, el foro de instancia emitió una *Orden* requiriéndole a las partes que notificaran, mediante moción conjunta, el estatus del caso.

En cumplimiento, los peticionarios presentaron una *Moción a Tenor con Orden.* En esta, expusieron que la venta de las propiedades localizadas en Morovis se retrasó debido a que un colindante había invadido parte de la propiedad, lo que tuvo como consecuencia que tuvieran que realizar gestiones legales para aclarar las colindancias de la finca y que el comprador se abstuviera de proseguir con el cierre de la compraventa hasta tanto se resolviera el asunto. Alegaron que entendían que, una vez se realizara la venta de dicha propiedad se podrían adjudicar las participaciones de todos los herederos y disponer del caso en su totalidad. Así, puntualizaron que no había mediado dejadez, ni falta de diligencia para la disposición del caso, sino que la falta de trámites procesales se debía a que restaba por venderse la propiedad antes indicada. Por ello, solicitaron que se les concediera el tiempo necesario para disponer de la controversia sobre los lindes de la finca, llevar a cabo la compraventa de las propiedades y disponer del caso de epígrafe.

Posteriormente, el 11 de septiembre de 2025, el foro de instancia pronunció nuevamente una *Orden* requiriéndoles a los peticionarios que informaran, en un término de quince (15) días, el estatus de la venta de las propiedades. Además, consignó lo siguiente: "Si en el futuro cercano no se van a dar las ventas, favor de así indicarlo para desestimar sin perjuicio".

En consonancia con lo anterior, el 26 de septiembre de 2025, los peticionarios presentaron una *Moción a Tenor con Orden*, mediante la cual informaron que, en cuanto al asunto de invasión a la propiedad, tenían señalada una vista para el 6 de octubre de 2025. Manifestaron que una vez el tribunal dispusiera sobre ello estarían llevando a cabo inmediatamente la venta de la propiedad. A esos fines, solicitaron al tribunal, una vez más, que les concediera el tiempo necesario para disponer de la controversia sobre los lindes de la finca y así continuar el proceso para disponer del caso de epígrafe en su totalidad.

El 30 de septiembre de 2025, el foro primario ordenó a los peticionarios que informaran sobre el estatus de la venta de las propiedades en un término de treinta (30) días.

Luego, el 27 de octubre de 2025, los peticionarios presentaron su escrito en cumplimiento con la orden del tribunal. En dicha ocasión, informaron que el pleito de invasión y deslinde había sido archivado por falta de jurisdicción por el Tribunal Municipal de Ciales. De otra parte, anunciaron que estarían radicando un recurso de injunction en el Tribunal de Bayamón, por lo que interesaban se les permitiera radicar el mismo en dicha sala, de forma que pudieran adelantar los procedimientos y dar cumplimiento a la compraventa de las propiedades.

Así las cosas, el 30 de octubre de 2025, el foro primario emitió la *Sentencia* que hoy revisamos. Mediante el referido dictamen el tribunal dispuso lo siguiente:

En virtud de las disposiciones de la Regla 39.1 (b) de las de Procedimiento Civil para el Tribunal General de Justicia, se ordena el archivo de este caso SIN PERJUICIO, sin especial imposición de costas, gastos, ni honorarios de abogado.

Insatisfecho, el 28 de noviembre de 2025, la parte apelante acudió ante este foro revisor mediante *Escrito de Apelación* señalando la comisión del siguiente error:

Cometió error el Tribunal de Primera Instancia al ordenar el archivo de la causa de acción de partición de herencia y autorización judicial para la venta de las propiedades del caudal hereditario basándose en las disposiciones de la Regla 39.1(b) de Procedimiento Civil, que claramente es inaplicable al caso ya que los peticionarios nunca han solicitado el desistimiento del caso y, además, por tratarse de una división de comunidad sucesoral y los comuneros no interesan permanecer en estado de indivisión es improcedente el archivo decretado.

**II.**

Nuestro ordenamiento favorece la política judicial de que los casos se ventilen en sus méritos de manera justa, rápida y económica, pues de esa manera se cumple con el interés de que todo litigante tenga su día en corte. Lo anterior no implica que una parte adquiera el derecho a que su caso tenga vida eterna en los tribunales, manteniendo a la otra parte en un estado de incertidumbre, sin más excusa para su falta de diligencia e interés en su tramitación que una escueta referencia a circunstancias especiales. *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 298 (2012); *Mun. de Arecibo v. Almac. Yakima*, 154 DPR 217, 222-223 (2001); *Dávila v. Hosp. San Miguel, Inc.*, 117 DPR 807, 816 (1986).

La Regla 39.2 de Procedimiento Civil, 32 LPRA Ap. V. R. 39.2, permite al tribunal desestimar la presentación de un pleito cuando las partes incumplen, tanto con las Reglas de Procedimiento Civil, como con cualquier orden emitida por el tribunal. *HRS Erase, Inc. v. Centro Médico del Turabo, Inc.*, 205 DPR 689 (2020). La desestimación también puede ocurrir cuando no se hubiera

efectuado trámite alguno por las partes durante un término de seis (6) meses.

En lo pertinente a la controversia ante nos, la referida disposición establece que:

[…]

**(b) El tribunal ordenará la desestimación y el archivo de todos los asuntos civiles pendientes en los cuales no se haya efectuado trámite alguno por cualquiera de las partes durante los últimos seis meses, a menos que tal inactividad se le justifique oportunamente. Mociones sobre suspensión o transferencia de vista o de prórroga no se considerarán como un trámite a los fines de esta regla.**

El tribunal dictará una orden en todos dichos asuntos, la cual se notificará a las partes y al abogado o abogada, requiriéndoles dentro del término de diez (10) días desde que el Secretario o Secretaria les notifique, que expongan por escrito las razones por las cuales no deban desestimarse y archivarse los mismos.

32 LPRA Ap. V, R. 39.2. (Énfasis nuestro).

La referida disposición desalienta la congestión de casos en los calendarios judiciales, a causa de la inacción o dejadez de las partes en el trámite de sus reclamaciones y, por el incumplimiento de dichas partes con las órdenes del tribunal. De esta manera, el tribunal tiene la potestad para sancionar de diversas formas a las partes litigantes que dilatan innecesariamente los procesos. Véase, *Sánchez Rodríguez v. Adm. de Corrección*, 177 DPR 714, 721 (2009).

No obstante, "la desestimación como sanción es una medida sumamente drástica a la que sólo debe acudirse en casos extremos en los que no exista duda sobre la irresponsabilidad de la parte así sancionada" y "después que otras sanciones hayan probado ser ineficaces en el orden de administrar justicia y, en todo caso, no debería procederse a ella sin un previo apercibimiento". *SLG Sierra v. Rodríguez*, 163 DPR 738, 746 (2005); *Ramírez de Arellano v. Srio. de Hacienda*, 85 DPR 823, 829-830 (1962). Nuestro Más Alto Foro ha indicado que desestimar una demanda como medio de sanción

tiene el efecto de privar a un ciudadano de la función judicial de adjudicación que forma parte de nuestra estructura constitucional, privándole la oportunidad de un día en corte para hacer valer en los méritos su derecho a reclamar. *Íd.*

Con relación a lo anterior, en *Echevarría Jiménez v. Sucn. Pérez Meri*, 123 DPR 664, 674-675 (1989), citando a J.A. Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil, San Juan,* Pubs. JTS, 1985, Vol. II, Cap. VI, pág. 206, el Tribunal Supremo expresó:

> Una vez las partes expongan las razones por las cuales no se deba desestimar el caso, el tribunal debe balancear los intereses involucrados: 'de un lado, la necesidad del tribunal de supervisar su calendario, el interés público en la resolución expedita de los casos y [más importante aún] el riesgo de p[er]juicio al demandado por la dilación; por lo que de no demostrarse p[er]juicio verdadero con la dilación es irrazonable ordenar el archivo'.

### III.

En su único señalamiento de error, la parte apelante señala que incidió el foro primario al ordenar el archivo de la causa de acción de epígrafe basándose en las disposiciones de la Regla 39.1 (b) de Procedimiento Civil, *supra*. Sostiene que el foro de instancia ordenó el archivo del caso fundándose erróneamente en una disposición inaplicable toda vez que no presentaron una solicitud para desistir del pleito. Asimismo, arguyen que no puede considerarse que se trata de una desestimación bajo la Regla 39.2 (a) o (b) de Procedimiento Civil, *supra*, debido a que han atendido de forma diligente las órdenes del tribunal y los autos establecen además que ha habido trámite en el caso durante los últimos seis (6) meses.

Luego de un examen detenido del expediente, concluimos que procede confirmar el dictamen apelado. *Veamos.*

El 22 de mayo de 2025, el foro primario emitió una orden dirigida a los peticionarios para que expresaran, en quince (15) días,

el estatus del caso. Según surge del documento de notificación, dicha orden fue comunicada a la parte apelante a través de su representación legal. Asimismo, el 11 de septiembre de 2025, por segunda ocasión, el foro de instancia les confirió a los peticionarios quince (15) días para que notificaran el estatus de la venta de las propiedades y **les señaló que, si en el futuro cercano no se estarían llevando a cabo las ventas, estaría desestimando sin perjuicio el pleito**. Dicha advertencia les fue notificada a través de su representación legal. Luego, el 30 de septiembre de 2025, por tercera ocasión, el tribunal les ordenó que informaran nuevamente sobre la venta de la propiedad en el término de treinta (30) días.

Ante cada una de las órdenes del foro primario, los peticionarios reiteraron las razones por las cuales no se había efectuado la compraventa de las propiedades y solicitaron que se les concediera el tiempo necesario para disponer del caso en su totalidad. Por lo que, es indiscutible que la parte apelante actuó con diligencia al atender prontamente las órdenes judiciales. No obstante, ello de por sí no significa que dichas razones justifican la dilación en los procedimientos. Recordemos que la Regla 39.2 (b) de Procedimiento Civil, *supra*, dispone precisamente que "[m]ociones sobre suspensión o transferencia de vista o **de prórroga** no se considerarán como un trámite a los fines de esta regla". Así pues, no hay controversia en cuanto a que los últimos trámites del caso se efectuaron entre los meses de abril a octubre de 2024, por lo cual se configuró la inactividad que proscribe la Regla 39.2(b) de Procedimiento Civil, *supra*. Además, es meritorio destacar que el foro de instancia desestimó la controversia de autos sin perjuicio. De forma que no existe impedimento alguno para que la parte apelante comparezca ante el tribunal de instancia una vez esté listo para así hacerlo.

Por entender que el TPI no erró al recurrir a la desestimación en las circunstancias que exhibe la presente causa, colegimos que procede confirmar la *Sentencia* apelada, aunque por distinto fundamento.

**IV.**

Por los fundamentos antes esbozados, *confirmamos* la *Sentencia* notificada el 30 de octubre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Bayamón, pero por otro fundamento.

Lo acordó el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones